PEOPLE v. HARRIS.

1. CRIMINAL LAW — APPEAL AND ERROR — DENIAL OF NEW TRIAL —REVIEW.

    Where the record on error in a criminal case does not contain the reasons for denying a motion for a new trial, this court cannot review the ruling.

2. SAME—PRELIMINARY EXAMINATION—WAIVER.

    By pleading not guilty to an information, without raising the objection of want of examination, respondent waives the objection.

3. SAME—APPEAL AND ERROR—REVIEW.

    Where the record of a criminal case does not indicate that an attorney participating in the prosecution as assistant to the prosecuting attorney was disqualified, and no objection was made on the trial to his acting as assistant, and the court, on conflicting affidavits on a motion for a new trial, finds that he was not disqualified, the question of his disqualification is not reviewable on error.

4. SAME—ASSAULT AND BATTERY—INDECENT ASSAULT ON FEMALE CHILD—EVIDENCE.

    Where, in a prosecution for taking improper liberties with the person of a female child, respondent alleges that it was because of his sickness that the child's presence was required in his bedroom, and he is permitted to testify fully as to his physical condition, the refusal to permit him to state the cause of his illness is not erroneous.

5. SAME—TRIAL—ADMISSION OF EVIDENCE—CORRECTION OF ERROR.

    On a trial for taking indecent liberties with a female child and for assaulting her with intent to ravish, the prosecutrix testified without objection to the fact that she told the city marshal and a patrolman about the occurrence in question. Accused's counsel withdrew objections to the patrolman's testimony on the subject, on the court ruling that in cases of attempted rape it was proper to show that the prosecutrix had made complaints. Held, that the subsequent testimony of the marshal, in which he narrated a conversation with the prosecutrix, in which she gave the details of the crime, was not prejudicial, where the court charged that the jury could not consider what the child had said to others, but only the fact that she had made statements to others, and that the charge of assault with intent to ravish was withdrawn.

Error to Manistee; McAlvay, J. Submitted February 15, 1906. (Docket No. 216.) Decided April 30, 1906.

Ebenezer Harris was convicted of taking indecent liberties with the person of a female child and sentenced to imprisonment for not less than seven and not more than ten years in the State prison at Jackson. Affirmed.

*Frank L. Fowler* (*Carl Heim*, of counsel), for appellant.

*E. J. Richmond*, Prosecuting Attorney, for the people.

BLAIR, J. Respondent prosecutes this writ of error to reverse a conviction of taking "indecent and improper liberties with the person of Aimee Boulanger, a female child under the age of 14 years, without committing or intending to commit the crime of rape upon such child," etc. The complaint, warrant, and return of the examining magistrate describe and relate only to the above-mentioned crime. The information filed by the prosecuting attorney contained two counts—one following the complaint and warrant; the other charging assault with intent to ravish. Although the record does not so disclose, counsel for both parties state in their briefs that respondent pleaded not guilty to this information. No objections were presented to the information generally, nor to the count charging assault with intent to ravish, until after verdict, when, for the first time, objections were raised in motions for new trial.

The record discloses that Peter T. Glassmire participated in the trial as assistant to the prosecuting attorney, and there is nothing in the proceedings prior to the verdict, as disclosed by the record, to indicate any disqualification for the position on his part. The record does not contain any order appointing him, and we understand it to be admitted that no such order was entered of record. No objection was made upon the trial to Mr. Glassmire's

acting as assistant prosecutor, but in one of the affidavits in support of the motion for a new trial facts are alleged which, if true, would disqualify him. The alleged facts set up in this affidavit, however, are denied by Mr. Glassmire and his stenographer, and it is shown by his affidavit and that of the prosecuting attorney that he was actually appointed by the court.

The first assignment of error relates to the refusal to grant the motion for a new trial. As the record does not contain the reasons why the court denied the motion for a new trial, we cannot review its action. *Stevenson* v. *Railway Co.*, 118 Mich. 651; *People* v. *Ecarius*, 124 Mich. 616, 626.

The second, third, fourth, and fifth assignments complain that respondent, by the information, was placed on trial for an offense for which he had had no examination. By pleading to this information, and not raising the question till after verdict, respondent waived the objection. *People* v. *Jones*, 24 Mich. 215; *People* v. *Hanifan*, 98 Mich. 33; *People* v. *Turner*, 116 Mich. 390. Furthermore, before the close of the case, the count charging assault with intent to ravish was withdrawn, and consideration of the proofs was limited to the crime for which respondent had had an examination, and of which he was convicted by the jury.

The sixth assignment questions the appointment of Mr. Glassmire. There is nothing in the record for our consideration under this assignment. The facts alleged in support of the motion for a new trial were controverted by the affidavits for the people, and were evidently not accepted by the trial court. We cannot presume that Mr. Glassmire was disqualified nor overrule the trial judge's findings of fact unless they are properly brought before us. In the case of *People* v. *Bussey*, 82 Mich. 49, the prosecuting attorney admitted his disqualification.

The assignments, from the seventh to the forty-sixth, both inclusive, with the exception of the twenty-sixth and twenty-seventh, relate to the rulings of the court admitting

or rejecting testimony. The only ones of these assignments which are based upon exceptions are the twenty-third, twenty-fourth, twenty-fifth, and twenty-eighth.

The twenty-eighth complains that the court refused to permit the defendant to testify as to his physical condition. The assignment is unfounded in fact. Respondent was allowed to testify fully as to his physical condition, the only limitation being as to the cause of his condition or sickness, which the judge thought immaterial. Respondent alleged that it was because of his sickness that the girl's presence was required in his bedroom, and, clearly, the cause of his illness could have had no bearing upon that contention.

The twenty-third, twenty-fourth, and twenty-fifth assignments question the correctness of the judge's ruling permitting the city marshal, Souve, to narrate a conversation with Aimee Boulanger on October 26th, in which Aimee gave to him, in response to his questions, the details of the alleged crime of October 24th. In passing upon these assignments, it is necessary to consider all of the rulings of the court upon this subject. Souve was the last witness for the prosecution. Prior to the giving of his testimony, Aimee had been permitted to testify, without objection, to the fact that she had told him and his patrolman, Nord, about the occurrences in question, and respondent's counsel had withdrawn their objection to Nord's testifying upon the subject. When Nord was upon the stand the following took place:

" *Q.* I call your attention, Mr. Nord, to the 24th of October last, and ask you to state what conversation you had with Aimee Boulanger, this girl here, and how you came to be at her house, or her father's house, if you were. State all circumstances connected with that.

" *Mr. Dunlap:* We object to any statement as to the issue here in this case. If it is only preliminary, or something of that kind, we do not object to it; but in relation to his stating facts in connection with that girl, I object to it.

" *The Court:* On what grounds?

" *Mr. Dunlap:* On the ground that it is hearsay.

"*Mr. Glassmire:* We give you notice now, of course, that we will prove the fact as soon as the girl takes the stand, we will do that later.    We contend we have a right to show by this officer what she said in relation to this matter.    (Court hears argument.)

"*The Court :* In these cases of attempted rape and assault it is always admissible to show that the party made complaint, and especially if the complaint or statement of the party has been made at once, or within a reasonable time, and the courts have gone to the extent of stating that the length of time, if it is explained why the statement was not made, if more than an ordinary length of time, cuts no figure.

"*Mr. Dunlap:* If that is the object, I will not object."

Aimee became 10 years of age in March preceding the date of the alleged offense.    She testified :

"He said not to tell my parents that I came there.    I did not tell my parents, because I was afraid of a licking, and because he told me not to tell.    *    *    *    I talked with the marshal then, and told him about the matter. I never told my father or mother about Harris putting me on the bed because Mr. Harris told me not to tell."

In the course of his charge, the court, having stated to the jury that the count for assault with intent to ravish had been withdrawn, instructed them that they could not consider what the child had said to others, but only the fact that she had made statements.

"I desire to make this clear to you, and this is my only opportunity to do so.    That the story in detail as given to this officer, you need not and must not consider.    I wipe that out of this case and simply allow you to consider that she did make statements."

Whether the ruling of the court admitting the testimony of Souve was correct or not under the decisions of this court in *People* v. *Gage*, 62 Mich. 274, *People* v. *Marrs*, 125 Mich. 376, and other cases cited in the brief for appellee, we do not find it necessary to determine in this case. As limited by the court in the charge, the testimony of Souve could not have prejudiced respondent, since sub-

stantially everything that he testified to was already in the case without objection.

The motion to direct a verdict of acquittal was clearly frivolous; and we find no merit in the errors assigned upon the charge under the statute.

A motion was made after the submission of this case to correct the circuit judge's certificate so that it should certify that the bill of exceptions contains all of the evidence taken upon the trial of the cause. Without determining that such a motion could properly be made in this court, we have decided the case upon the theory that the record does contain the substance of all of the evidence in the case.

The judgment is affirmed.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.