PEOPLE v. HARRIS

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSE-
MENT—TIMELY OBJECTION—NEW TRIAL.

The failure of the prosecution to indorse the names of *res
gestae* witnesses on an information cannot be raised for the
first time on a motion for a new trial.

2. CRIMINAL LAW—TRIAL—PROSECUTOR'S REMARK—IMPROPER RE-
MARKS—RESPONSIVE REMARKS.

Improper remarks by prosecutor during a criminal trial do not
constitute reversible error where made primarily in response
to matters previously discussed by defense counsel.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DISCRETION—APPEAL
AND ERROR.

The granting of a new trial on the ground of newly-discovered
evidence is largely a matter of discretion for the trial court;
appellate relief is granted if the trial judge abused his dis-
cretion.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—ABUSE OF DISCRETION
—STANDARD OF REVIEW.

A reviewing court in order to find an abuse of discretion by a
trial court in denying motion for a new trial on the ground
of newly-discovered evidence must find that the result is so
palpably and grossly violative of fact and logic that it evi-
dences not the exercise of judgment but the defiance of
judgment, not the exercise of reason but rather of passion
or bias.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial § 39.
[2] 39 Am Jur, New Trial § 486.
[3] 39 Am Jur, New Trial §§ 26–28, 157.
[4] 39 Am Jur, New Trial § 157.
[5] 39 Am Jur, New Trial § 169.
[6] 39 Am Jur, New Trial § 165.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—WITNESS'S PERJURY.

    A motion for a new trial on the ground of newly-discovered evidence will not be granted on testimony tending to show the perjury of a witness.

6. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DIFFERENT RESULT— TRIAL COURT'S EVALUATION.

    The trial judge is in a better position than a reviewing court to determine whether newly-discovered evidence would tend to produce a probable different result on retrial.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 January 5, 1971, at Grand Rapids. (Docket No. 7886.)   Decided February 23, 1971.

Rufus Harris was convicted of felonious assault. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul M. Ladas,* Prosecuting Attorney, for the people.

*Halbower & Ruck,* for defendant.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM.   Defendant's jury trial on a charge of felonious assault, MCLA § 750.82 (Stat Ann 1962 Rev § 28.277), resulted in his conviction of the offense charged.   He was sentenced, his motions for new trial on the basis of prejudicial remarks to the jury by the prosecutor and newly-discovered evidence were denied, and he appeals.   The appeal raises two issues:   (1) should the trial court have granted defendant's motion for a new trial on the basis of prejudicial remarks to the jury by the prosecutor?; and (2) should the trial court have

granted defendant's motion for a new trial on the basis of newly-discovered evidence?

The failure of the prosecution to indorse names of *res gestae* witnesses on an information cannot be raised for the first time in a motion for a new trial. *People* v. *Prescott* (1934), 268 Mich 606; *People* v. *Dimitroff* (1948), 321 Mich 205; *People* v. *Amos* (1968), 10 Mich App 533.

Remarks by a prosecutor, even if improper, do not constitute reversible error where made primarily in response to matters previously discussed by defense counsel. *People* v. *George* (1965), 375 Mich 262; *People* v. *Thomas* (1969), 17 Mich App 740.

Grant of a motion for new trial on the basis of newly-discovered evidence is discretionary. *People* v. *Bauman* (1952), 332 Mich 198; *People* v. *Dailey* (1967), 6 Mich App 99; *People* v. *Keiswetter* (1967), 7 Mich App 334. Appellate relief from a denial of a motion for a new trial on basis of newly-discovered evidence is granted if it is demonstrated that the trial court abused its discretion in such denial. "Abuse" in such a case would be evidenced by a result that is palpably and grossly violative of fact and logic, such that it evidences "not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias". *People* v. *Wolschon* (1966), 2 Mich App 186, 188.

In this case the newly-discovered evidence was the confession of the defendant's brother to the crime for which the defendant was convicted and to his own perjury at the defendant's trial. The rule in Michigan is that a new trial on grounds of newly-discovered evidence will not be granted on testimony tending to show the perjury of a witness. *People* v. *Smallwood* (1943), 306 Mich 49; *People* v. *Andrews* (1960), 360 Mich 572; *People* v. *Dailey, supra;* *People* v. *Miniear* (1967), 8 Mich App 591.

The record shows that the trial judge did not violate the well-established standard of judicial discretion in denying defendant's motion for new trial based on newly-discovered evidence. The trial judge is in a better position to determine whether new evidence would tend to produce a probable different result on a retrial. *People* v. *Keiswetter, supra; People* v. *Bennett* (1966), 3 Mich App 326; *People* v. *Miniear, supra.* There is no showing that the claimed newly-discovered evidence would probably produce a different result on retrial.

Affirmed.