PEOPLE v. McKINLEY

1. CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION—WAIVER.

A plea of guilty constitutes a waiver of the statutory right to a preliminary examination.

2. CRIMINAL LAW—DOUBLE JEOPARDY—NEW PROCEEDINGS—DEFENDANT'S REQUEST.

The constitutional protection against double jeopardy is not available, where new proceedings result from the defendant's own request.

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 March 2, 1971, at Grand Rapids. (Docket No. 7943.) Decided March 30, 1971.

Jack McKinley was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Kenneth J. Myles,* Prosecuting Attorney, for the people.

Jack McKinley, *in propria persona.*

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 446, 447.
[2] 21 Am Jur 2d, Criminal Law § 211.

PER CURIAM. On August 29, 1966, defendant was convicted by a jury for the crime of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-.797). Defendant was sentenced to serve a term of 9 to 20 years in prison.

On March 16, 1969, defendant filed a motion for a new trial. At the hearing held on March 24, 1969, the trial court, after ascertaining that all parties were in agreement, permitted the information to be amended to include the charge of unarmed robbery,[1] granted defendant's motion for a new trial, and properly accepted defendant's plea of guilty to the charge of unarmed robbery. Defendant was then sentenced to serve from four to 15 years on his plea of guilty to the charge of unarmed robbery. Defendant was credited with time served under the original conviction for armed robbery. Defendant appeals as of right.

Under defendant's first assignment of error it is alleged that defendant's conviction is invalid because he did not have, nor waive, a preliminary examination on the charge of unarmed robbery as required by MCLA § 767.42 (Stat Ann 1970 Cum Supp § 28.982).

We disagree. Defendant's plea of guilty to the charge of unarmed robbery constituted a waiver of the statutory right to a preliminary examination. *People* v. *Losinger* (1951), 331 Mich 490, *cert den* 343 US 911 (72 S Ct 644, 96 L Ed 1327); *People* v. *Tate* (1946), 315 Mich 76; *People* v. *Rufus Williams* (1970), 23 Mich App 459, 467, fn 11.

Defendant also contends that the proceedings held on March 24, 1969, constituted double jeopardy. The rationale for the constitutional protection against double jeopardy does not come into being

---

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

when the new proceeding comes at the defendant's own request. Thus, since defendant in the instant case presented the motion for a new trial, he cannot now complain of double jeopardy because the new trial was granted. See *Stroud* v. *United States* (1919), 251 US 15 (40 S Ct 50, 64 L Ed 103); *People* v. *Fochtman* (1924), 226 Mich 53.

Judgment affirmed.