PEOPLE v BLAIR

CRIMINAL LAW—NEW TRIAL—RECANTING WITNESS—CREDIBILITY—DIS-
CRETION.

> In a criminal case where a motion for a new trial is based upon
> the recanting affidavit of the sole complaining witness and
> where the trial judge ruling on the motion did not observe or
> hear the affiant testify at either the original trial or at the
> hearing on the motion, it is an abuse of discretion for the trial
> court to impugn the credibility of the recanting affiant and
> deny the motion for a new trial on that basis.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 December 8, 1972, at Grand Rapids. (Docket No. 13509.) Decided January 18, 1973.

George Blair was convicted of pandering and accepting the earnings of a prostitute. Defendant appeals. Remanded for hearing on motion for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

---

REFERENCE FOR POINTS IN HEADNOTE

58 Am Jur, Witnesses § 865 *et seq.*

\* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. In a jury trial held on February 28, 1966, the defendant was convicted of pandering and accepting the earnings of a prostitute.[1] He was sentenced to 7-1/2 to 20 years imprisonment.

At trial the complainant, a self-proclaimed prostitute, was the only prosecution witness implicating the defendant in the crime charged.

The defendant was paroled during the latter part of 1970 after serving 4-1/2 years in prison. However, on January 14, 1972, he was rearrested as a parole violator for associating with known criminals.

Subsequently on January 19, 1972, the complaining witness signed a sworn recanting affidavit in which she averred that her testimony given during the defendant's trial was induced by threats, coercion, and promises made to her by the Detroit Police Department, and further that because of her prior involvement with prostitution, the defendant did not induce or entice her into that profession.

Based upon the contents of the foregoing recanting affidavit, the defendant moved for a new trial. The motion was heard by the successor to the original trial judge, and although the affiant was not called to testify at this hearing relative to the contents of the affidavit, the court found that the averments in the affidavit were not "sufficiently reliable to authorize the granting of a new trial". Accordingly, the motion for a new trial was denied.

Of the five issues raised on appeal, only one is worthy of consideration, namely, in a motion for a new trial based solely upon a recanting affidavit by the complaining witness, did the trial court abuse

---

[1] MCLA 750.455; MSA 28.710, MCLA 750.457; MSA 28.712 respectively.

its discretion in denying the motion on the basis that the averments in the affidavit were unreliable where the court never observed or heard the affiant testify either at trial or at the hearing on the motion?

The determination of whether to grant or deny a motion for a new trial rests in the sound discretion of the trial court and since normally the trial court is in a better position to determine the credibility of the evidence presented, we will not disturb a decision below unless a clear abuse of that discretion has been shown. *People v Nunn,* 120 Mich 530 (1899); *People v Andrews,* 360 Mich 572 (1960); *People v Harris,* 31 Mich App 100 (1971).[2]

Although our general court rules do not require that the testimony of an affiant be taken at a hearing on a motion for a new trial, the practice is nonetheless encouraged. GCR 1963, 527.3. Furthermore, our case law stresses the fact that where a motion for a new trial is predicated upon the affidavit of a recanting witness, the court should have had the opportunity to observe and hear the witness at the original trial or at a hearing on the motion before passing upon the witness's credibility. *People v Nunn, supra; People v Andrews, supra; People v Harris, supra; People v Van Den Dreissche,* 233 Mich 38 (1925); *People v Bradford,* 10 Mich App 696 (1968).

Here, however, the trial judge who heard the motion for a new trial was not the same judge who presided at defendant's initial trial. The affiant was not called to testify during the hearing on the motion. Thus even though the court below never

---

[2] It should be noted that while *Harris* held that a new trial will not be granted on testimony tending to show the perjury of a witness, the Court apparently did not pay heed to *Andrews,* wherein it was held that this principle was not a hard and fast rule.

observed or heard the affiant testify, it ruled on the affiant's credibility, found it questionable, and denied the motion. Under these circumstances, the lower court was in no better position than this Court to rule upon the recanting affiant's credibility. In short, there was no competent evidence presented upon which such a determination could be properly made.

In view of the foregoing, we hold that in a criminal case where a motion for a new trial is based upon the recanting affidavit of the sole complaining witness and where the trial judge ruling on the motion did not observe or hear the affiant testify at either the original trial or at the hearing on the motion, it is an abuse of discretion for the trial court to impugn the credibility of the recanting affiant and deny the motion for a new trial on that basis.

Therefore the case is remanded for further proceedings consistent with this opinion.