MAURICIO v TOBIAS

1. APPEAL AND ERROR—ADMISSION OF EVIDENCE—PRESERVING QUESTION.

   Objections to the admission of evidence cannot be raised for the first time on appeal, absent a showing of manifest injustice.

2. EVIDENCE—HOSPITAL RECORDS.

   Hospital records are admissible to the extent they record acts and events such as admissions, discharges, and hospital ministrations, although they ordinarily are not admissible as a means of introducing medical history or diagnosis; therefore, the trial court correctly ruled inadmissible a statement in the hospital record to the effect that the decedent "has apparently been drinking" because this was an opinion as to previous activity and the hospital record did not disclose the identity of the person expressing the opinion and hence not even threshold information as to the person's qualifications for expressing it, nor did it contain any factual data upon which it was founded.

3. EVIDENCE—HOSPITAL RECORDS.

   A portion of a hospital record which contained a statement that the patient "denies medical diseases" was properly admitted, even though it might be considered to be part of the patient's medical history, where it was not introduced for the purpose of proving the truth of the statement but rather that the patient was alive when she reached the hospital and capable of experiencing pain and suffering where it was reliable for that purpose.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 August 7, 1973, at Lansing. (Docket No. 14805.) Decided March 7, 1974.

Complaint by Ray Mauricio, administrator of

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 717.
[2, 3] 29 Am Jur 2d, Evidence § 836.
　40 Am Jur 2d, Hospitals and Asylums § 43.

the estate of Teresa Mauricio, against Joseph C. Tobias for wrongful death. Judgment for plaintiff. Defendant appeals. Affirmed.

*Proviser & Eisenberg, P. C. (Zemke & Lustig, P. C.,* of counsel), for plaintiff.

*Rouse, Selby, Dickinson, Pike & Mourad,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and WALSH,* JJ.

PER CURIAM. This is a wrongful death action pursuant to MCLA 600.2922; MSA 27A.2922. Defendant appeals from a jury verdict for plaintiff.

First, defendant argues that plaintiff's deposition was inadmissible evidence under GCR 1963, 302.4. Defendant did not move to strike this evidence. Absent a showing of manifest injustice, objections to the admission of evidence cannot be raised for the first time on appeal. *Arnold v Ellis,* 5 Mich App 101; 145 NW2d 822 (1966); *People v Gill,* 12 Mich App 383; 163 NW2d 14 (1968); *People v Myers,* 30 Mich App 409; 186 NW2d 381 (1971). Although we recognize that from the viewpoint of the defendant it would have been preferable if plaintiff had been present in court to give his testimony before the jury, we are not persuaded that manifest injustice resulted from the admission of this deposition. Therefore, its admission was not reversible error.

Next, defendant contends that excluding from evidence a portion of decedent's hospital record was improper. The portion excluded was a statement that decedent "has apparently been drinking". Under the business record statute, MCLA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

600.2146; MSA 27A.2146, hospital records are admissible to the extent they record acts and events such as admissions, discharges, and hospital ministrations, although they ordinarily are not admissible as a means of introducing medical history or diagnosis. See *Gile v Hudnutt,* 279 Mich 358; 272 NW 706 (1937); *Sadjak v Parker-Wolverine Co,* 281 Mich 84; 274 NW 719 (1937); *Valenti v Mayer,* 301 Mich 551; 4 NW2d 5 (1942); *In re Nickel's Estate,* 321 Mich 519; 32 NW2d 733 (1948); *Case v Vearrindy,* 339 Mich 579; 64 NW2d 670 (1954); *Bauer v Veith,* 374 Mich 1; 130 NW2d 897 (1964).

The trial court correctly ruled that the statement in the hospital record "has apparently been drinking" was inadmissible. This was an opinion as to previous activity of the decedent. The hospital record contained no information as to the identity of the person expressing the opinion and hence not even threshold information as to his or her qualifications for expressing it, nor did it contain any of the factual data upon which it was founded. It was unreliable evidence and was properly excluded.

We find no error in the admission of that part of the hospital record which contained the statement that the patient "denies medical diseases". Although this may be considered to be part of the history, it was not introduced for the purpose of proving the truth of the statement but rather for the purpose of proving that the patient was alive when she reached the hospital and capable of experiencing pain and suffering. The evidence was reliable for that purpose and was properly admitted.

We have reviewed defendant's other assignments of error and find them without merit.

Affirmed. Costs to appellee.