PEOPLE v CULLENS

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—CIRCUIT COURT—AR-
    RAIGNMENT—PLEA OF GUILTY—PLEA OF NOT GUILTY—QUES-
    TIONS REVIEWABLE.

   After proper arraignment in the circuit court and a plea of guilty
   or a plea of not guilty by defendant the prior proceedings had
   before an examining magistrate cannot be questioned.

2. CRIMINAL LAW—EVIDENCE—FINGERPRINTS—ADMISSIBILITY.

   Fingerprints found on a cash box at the scene of a crime were
   properly entered in evidence, even though the police destroyed
   the cash box after the fingerprints had been lifted, because the
   fingerprints were the evidence; they were lifted from the cash
   box and preserved, and defendant had an opportunity for
   experts to examine the prints and testify.

3. CRIMINAL LAW—EVIDENCE—FINGERPRINTS—SUFFICIENCY OF EVI-
    DENCE.

   The criteria for a conviction based upon fingerprint evidence are
   that fingerprints corresponding to those of the accused must
   have been found in the place where the crime was committed
   under such circumstances that they could only have been
   impressed at the time when the crime was committed.

Appeal from Oakland, Arthur E. Moore, J. Sub-
mitted Division 2 June 5, 1974, at Lansing. (Docket
No. 18012.) Decided August 28, 1974.

Michael A. Cullens was convicted of breaking
and entering with intent to commit larceny. De-
fendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 341, 369.
   Fingerprints, palm prints, or bare footprints as evidence. *28 ALR2d*
   *1115.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Sandra M. Kabboush,* Assistant Prosecuting Attorney, for the people.

*Sheldon G. Larky,* for defendant on appeal.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Defendant was found guilty by a jury of breaking and entering with intent to commit larceny in violation of MCLA 750.110; MSA 28.305.

The testimony showed that on March 1, 1972 the exterior door to the offices of the Pittsburgh Plate Glass Company at One Northland Plaza, Southfield, was locked at 6:30 p.m.

The next morning it was discovered that a receptionist desk in the lobby had been broken into and a key for the office had been taken. The office manager's desk had also been broken into and a cash box forced open. The cash box contained approximately $120.

The cash box was dusted for fingerprints and prints were "lifted"[1] from the box. Among the prints so lifted were some of the defendant's.

Defendant appeals on several grounds. The first claim of error we will discuss concerns the circuit court's remanding the case to the district court. Defendant claims the circuit court erred by re-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The object thought to have fingerprints on it is dusted with carbon dust. The dust adheres to the oil left by the fingers touching the object, showing fingerprints. Then, a clear tape is placed over the prints. When removed, the prints stay on the tape and are actually lifted from the object.

manding the case to the district court for additional testimony.

Originally the district judge bound the defendant over to the circuit court on the charge of entering without breaking. MCLA 750.111; MSA 28.306. The prosecution was not satisfied and moved orally in the circuit court to have the cause remanded to the district court and the district court judge ordered to bind the defendant over to circuit court on the charge of breaking and entering. The prosecutor claimed the district judge had abused his discretion. After argument, the circuit judge remanded the case to the district court for additional testimony.

Defendant specifically claims the trial court erred: "First, it heard the motion to remand in violation of the general and local court rules, and secondly, it substituted its opinion for that of the examining magistrate".

We have carefully read the transcript of argument taken at the motion to remand the case to the district court. Defense counsel vigorously argued against the prosecutor's motion to remand the case and not once objected on the grounds now set forth on appeal.

As said in *People v Tate,* 315 Mich 76; 23 NW2d 211 (1946), and later in *People v Dobine,* 371 Mich 593; 124 NW2d 795 (1963), and *People v Robbins,* 6 Mich App 633; 150 NW2d 175 (1967):

"The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned * * * ." *Tate, supra,* pp 79–80.

Defendant also claims the trial court erred by admitting his fingerprints in evidence because the

police destroyed the cash box. Testimony showed that the police destroyed the cash box, for lack of sufficient storage space, after the fingerprints had been lifted.

Defendant claims he was denied effectual cross-examination because of such destruction. We do not agree. Defendant was convicted because his fingerprints were found on the cash box at the scene of the crime. The fingerprints were the evidence. They were lifted from the cash box and preserved. Defendant had an opportunity for experts to examine the prints and testify but failed to avail himself of the opportunity.

Defendant submitted several instructions concerning fingerprints which the trial court refused to give. *People v Ware,* 12 Mich App 512, 515; 163 NW2d 250, 252 (1968), sets forth as the criteria for a conviction based upon fingerprint evidence the following:

"To warrant a conviction, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed."

The trial court's instructions complied with the criteria.

Affirmed.

All concurred.