PEOPLE v MILLER

1. CRIMINAL LAW—APPEAL AND ERROR—PRELIMINARY EXAMINATION—
ERRORS AND IRREGULARITIES—OBJECTIONS.

Errors and irregularities in a preliminary examination may not be raised on appeal unless they were timely raised prior to or at trial.

2. CRIMINAL LAW—PLEA OF GUILTY—WAIVER—NONJURISDICTIONAL DEFECTS.

A defendant who enters a voluntary plea of guilty while represented by counsel waives all nonjurisdictional defects in prior stages of the proceedings against him.

3. CRIMINAL LAW—CIRCUIT COURTS—JURISDICTION—MAGISTRATE'S RE-TURN—PRELIMINARY EXAMINATION.

A circuit court acquires jurisdiction in a criminal case upon the making of a proper return by the magistrate before whom the defendant was examined or waived examination.

4. CRIMINAL LAW—MAGISTRATES—PRELIMINARY EXAMINATION—PROB-ABLE CAUSE—AUTHORITY OF CIRCUIT COURTS—NONJURISDIC-TIONAL DEFECTS.

Error in a magistrate's finding of probable cause at a preliminary examination constitutes a nonjurisdictional defect in the proceedings against a criminal defendant; the circuit court has the authority to remand the case to the examining magistrate to receive more evidence on the existence of an offense and the defendant's participation in it, and if the defendant makes no

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[2, 5] 21 Am Jur 2d, Criminal Law §§ 486, 488, 495.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 376 *et seq.*

[5] 40 Am Jur 2d, Homicide §§ 140, 471.

Duty of court, upon plea of guilty or nolo contendere to offense involving degrees, to hear evidence to determine degree. 34 ALR2d 919.

timely contention of error and goes to trial on the charges he is deemed to have waived any defects.

5. HOMICIDE—MANSLAUGHTER—VOLUNTARY MANSLAUGHTER—PLEA OF GUILTY—FACTUAL BASIS FOR PLEA—SELF-DEFENSE.

Statements by a defendant who pled guilty in a manslaughter case that he approached the decedent and shot him as he was sitting in a car, provided a sufficient factual basis to establish the offense of voluntary manslaughter and did not demonstrate the defense of self-defense where two essential elements of self-defense were not established: (1) the existence of no reasonable opportunity to retreat and (2) the necessity to repel an attack by physical means.

Appeal from St. Clair, Halford I. Streeter, J. Submitted April 9, 1975, at Lansing. (Docket No. 19686.) Decided July 21, 1975.

Russell Miller was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Peter R. George,* Chief Appellate Attorney for St. Clair County, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The defendant appeals from his conviction of manslaughter, MCLA 750.321; MSA 28.553, by his guilty plea in St. Clair County Circuit Court.

On July 2, 1973, the defendant shot Charlie Lincoln as the latter was sitting in an automobile parked in the parking lot of a Port Huron bar. The defendant was arraigned on a charge of assault

with intent to commit murder, MCLA 750.83; MSA 28.278. The district judge, after receiving evidence at the preliminary examination proceedings, determined that the offense had been committed and that there was probable cause to believe the defendant committed the crime. After the defendant had been bound over for trial, the victim died from the gunshot wound.

At a proceeding on November 26, 1973, the prosecutor moved to add the count of manslaughter, to which the defendant stated a desire to plead guilty. After informing the defendant of his rights pursuant to GCR 1963, 785.7 and being satisfied that there was a sufficient factual basis to support the plea, the trial court accepted the guilty plea. The defendant was subsequently sentenced to 10 to 15 years in prison and now appeals as of right.

The defendant first argues that the district court erred in binding him over since the prosecution had not established the corpus delicti by competent evidence. This error, he contends for the first time on appeal, deprived the circuit court of jurisdiction to accept the defendant's guilty plea.

This argument has not been sufficiently preserved for appeal. Errors and irregularities relating to the preliminary examination may not be raised on appeal unless those issues were timely raised prior to or at trial. *People v Sparks,* 53 Mich App 452, 454; 220 NW2d 153 (1974). *People v Keshishian,* 45 Mich App 51, 52-53; 205 NW2d 818 (1973). This rule applies equally to guilty pleas. See *People v Dobine,* 371 Mich 593; 124 NW2d 795 (1963).

In addition, the law is settled that a defendant who enters a voluntary plea of guilty while represented by counsel waives all nonjurisdictional defects in prior stages of the proceedings. *People v*

*Collins,* 380 Mich 131; 156 NW2d 566 (1968). This rule has been applied so as to bar appeal on such contentions of error as the improper waiver of the preliminary examination. *People v Pogue,* 54 Mich App 74; 220 NW2d 317 (1974). Likewise, the defendant cannot, subsequent to his guilty plea, raise questions about the sufficiency of the evidence before the examining magistrate. *People v Cullens,* 55 Mich App 272; 222 NW2d 315 (1974).

The defendant's argument that a magistrate's error in finding probable cause is a jurisdictional defect misconstrues *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974). The circuit court acquires jurisdiction "upon the making of a proper return from the magistrate before whom the defendant had been examined or waived examination". *People v Curtis,* 389 Mich 698, 707; 209 NW2d 243 (1973).

*Genesee Prosecutor,* however, properly pointed out:

> "The magistrate's decision is reviewable by a circuit judge. If such review indicates that the evidence did not tend both to show the commission of the crime charged and probable cause for charging the accused with its commission, the judge may grant a motion to dismiss or remand the cause to the examining magistrate for a further preliminary examination. Similarly, the prosecutor may obtain review in the circuit court of a magistrate's dismissal of the charge." 391 Mich 115, 119–120. (Footnotes omitted.)

Since the circuit court has the authority to remand the case to the examining magistrate to receive more evidence on the existence of an offense and a defendant's participation in it, such error in finding probable cause should not be termed a "jurisdictional" defect, in order to pre-

vent the waiver-of-defect rule from operating. The binding over procedure is structured so as to allow the prosecutor, upon order of remand by the trial court, to attempt to remedy an insufficiency in proof in order to establish probable cause. If the defendant makes no timely contention of error and goes to trial on the charges, it is logical that he be deemed to have waived the defect when he has deprived the prosecutor of an opportunity to correct the defect of the initial examination proceeding. Since we conclude that the issue has not been preserved for appellate review, it is not necessary to consider the evidence presented at the preliminary examination.

The defendant's other contention of error is that there was not a sufficient factual basis for acceptance of his guilty plea since the defendant's explanation demonstrated self-defense. This contention is in error since his testimony failed to establish two essential elements of self-defense: no reasonable opportunity to retreat and the necessity to repel the attack by physical means. *People v Bright,* 50 Mich App 401, 406; 213 NW2d 279 (1973). The defendant testified that he approached Charlie Lincoln and shot him as Lincoln was sitting in a car. He did not even state that the victim was armed. Thus, the defense of self-defense could not, under these facts, have been available. There was a sufficient factual basis to establish the offense of voluntary manslaughter. *People v Townes,* 391 Mich 578, 589–590; 218 NW2d 136 (1974).

The conviction is affirmed.