PEOPLE v ALEXANDER

1. CRIMINAL LAW—EVIDENCE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

   A new trial based on newly discovered evidence will be granted only if there is a showing: (a) that the evidence is newly discovered, (b) that the evidence is not merely cumulative, (c) that the evidence is such as to render a different result probable on retrial, and (d) that the defendant could not with reasonable diligence have produced it at trial.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION OF JUDGE.

   The granting of a new trial on the ground of newly discovered evidence is discretionary with a trial court and the court's decision will not be disturbed unless a clear abuse of discretion is shown.

3. EVIDENCE—HEARSAY—ADMISSIBILITY—DECLARATION AGAINST PENAL INTEREST.

   A declaration against penal interest is admissible hearsay evidence, as a common-law exception to the hearsay rule, and a preliminary showing of trustworthiness is not required.

4. COURTS—RETROACTIVELY APPLIED LAW—PROSPECTIVELY APPLIED LAW.

   The key factors which should be taken into account in determin-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur 2d, New Trial § 164 *et seq.*

[2] 58 Am Jur 2d, New Trial §§ 212, 213.

[3, 5] 29 Am Jur 2d, Evidence § 620.

Admissibility, as against interest, of declaration of commission of criminal act. 162 ALR 446.

[4, 5] 20 Am Jur 2d, Courts § 233.

[6] 29 Am Jur 2d, Evidence § 831.

Physiological or psychological truth and deception tests. 23 ALR2d 1306.

[7, 8] 21 Am Jur 2d, Criminal Law §§ 446, 447.

Defendant's plea to indictment or information as waiver of lack of preliminary examination. 116 ALR 550.

[9] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[10] 21 Am Jur 2d, Criminal Law § 119 *et seq.*

ing whether a new rule of law should be applied retroactively or prospectively are: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice.

5. COURTS—DECISIONS—RETROACTIVELY APPLIED LAW—PROSPEC-·
TIVELY APPLIED LAW.

The decision of the Michigan Supreme Court which holds that declarations against penal interest are admissible hearsay evidence, as a common-law exception to the hearsay rule, has prospective effect only, because the Supreme Court did not indicate what effect the decision should be given, and because (1) the purpose of the new rule is to allow the trier of fact to determine the truth of the admission and the credibility of the witness who repeats the admission, (2) general reliance on the old rule has been substantial, and (3) the effect on the administration of justice would be substantial if such decision were given retroactive effect.

6. CRIMINAL LAW—EVIDENCE—POLYGRAPH EXAMINATIONS—OPINION
TESTIMONY—ADMISSIBILITY.

The results of a polygraph examination and the opinion testimony based thereon are inadmissible evidence as a matter of law.

7. CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER.

A criminal defendant may waive his right to have a preliminary examination before an information is filed against him, when he is called upon to plead to the information, or when brought before the examining magistrate; if at the time of pleading he makes no objection that the examination was not had or waived, he must be understood to admit that it was had or waived or that he intends to waive it.

8. CRIMINAL LAW—APPEAL AND ERROR—PRELIMINARY EXAMINATION
—WAIVER—OBJECTIONS.

A criminal defendant waives any objection to the failure to hold a preliminary examination, where the defendant stood mute at the arraignment on the information and the court entered a plea of not guilty, and where at no time prior to, during, or even after the trial, did the defendant object to the failure to provide a preliminary examination.

9. APPEAL AND ERROR—EVIDENCE—ADMISSION OF EVIDENCE—PRE-
SERVING QUESTION.

Specific objections to the admission of evidence cannot be raised

for the first time on appeal, absent a showing of manifest injustice.

10. Criminal Law—Aiding and Abetting—Accessory—Due Process.

It is not a denial of due process to include in a charge to a jury an instruction on aiding and abetting where the defendant was not charged in the information as an accessory; an aider and abettor may be indicted, tried, and on conviction punished as a principal and no denial of due process results from charging an aider and abettor as a principal.

Appeal from Berrien, Chester J. Byrns, J. Submitted June 8, 1976, at Grand Rapids. (Docket No. 18736.) Decided November 8, 1976.

Daniel Alexander was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Kathleen M. Cummins,* Assistant State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and M. J. Kelly and S. S. Hughes,* JJ.

M. J. Kelly, J. Defendant was convicted by a jury of armed robbery in violation of MCLA 750.529; MSA 28.797, on February 16, 1971, and was subsequently sentenced to a term of from 8 to 30 years in prison. Defendant appeals as of right from the trial court's order denying his motion for new trial, based upon newly discovered evidence, as well as alleged defects in the trial itself.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The record shows that on December 6, 1973 the Milner Hotel in Benton Harbor, Michigan was robbed. John Dry, the night attendant, testified that two black youths wearing nylon stockings over their heads took approximately $88 and the cash drawer from the hotel. Mr. Dry positively identified the defendant as one of the two robbers. The defense relied on at trial was that of alibi. Defendant was a juvenile, age 16, at the time of the trial and he was tried in circuit court pursuant to an order of the probate court waiving jurisdiction.

## I

Defendant initially contends that the trial court abused its discretion in not granting a new trial based upon newly discovered evidence that would exonerate him. The test is set forth in *People v Boynton,* 46 Mich App 748, 750; 208 NW2d 523, 524 (1973), as follows:

"A new trial will be granted for newly discovered evidence only if there is a showing: (a) that the evidence is newly discovered; (b) that the evidence is not merely cumulative; (c) that the evidence is such as to render a different result probable on retrial; and (d) that the defendant could not with reasonable diligence have produced it at trial."

An evidentiary hearing was conducted in the trial court on the post conviction motion. The record discloses that Luther Joseph, the original codefendant whose charges had been dropped as a result of plea negotiations, testified that he informed the defendant approximately four days before trial that Pat Scott, a friend of the defendant, knew who committed the robbery. Further,

the record reveals that the defendant did not use reasonable diligence after being informed by Mr. Joseph, as the evidence could have been produced by him at trial.

The granting of a new trial is discretionary with the trial court. *People v Harris,* 31 Mich App 100, 102; 187 NW2d 502, 503 (1971), *People v Blair,* 44 Mich App 469, 471; 205 NW2d 183, 184 (1973), *People v Bersine,* 48 Mich App 295, 298; 210 NW2d 501, 503 (1973), *lv den,* 391 Mich 837 (1974). *People v Blair, supra,* at 471, contains language particularly appropriate for this case:

"The determination of whether to grant or deny a motion for a new trial rests in the sound discretion of the trial court and since normally the trial court is in a better position to determine the credibility of the evidence presented, we will not disturb a decision below unless a clear abuse of that discretion has been shown."

We do not find that the trial court clearly abused its discretion in denying the defendant's motion for new trial.[1]

## II

The defendant contends that the trial court abused its discretion in excluding statements against penal interest in the evidentiary hearing on his motion for new trial. While this appeal was pending, the Michigan Supreme Court held that

[1] The trial court in its opinion denying the defendant's motion for new trial stated:

"This Court, who had the opportunity to hear the actual jury trial of this case at which defendant testified and who has again had the opportunity to see, hear and judge both defendant's post-trial witnesses, Scott and Gardner, does not believe either of them as to their present and post-trial claim that defendant Danny Alexander was not one of the two robbers of the Milner Hotel that evening of December 6, 1972, and finds both of them untrustworthy in their testimony."

declarations against penal interest are admissible as a common law exception to the hearsay rule, without a preliminary showing of trustworthiness. *People v Ernest Edwards,* 396 Mich 551; 242 NW2d 739 (1976). However, *Edwards* was decided on June 3, 1976, long after the defendant's trial in the present case, and would only have application to this case if it were given retroactive effect. The Court in *Edwards* did not indicate what effect the decision should be given. In *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404, 405 (1971), the Court set forth the test as follows:

"The United States Supreme Court has discussed various factors to be used in determining whether a law should be applied retroactively or prospectively. There are three key factors which the court has taken into account: (1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice."

The purpose of the new rule promulgated in *Edwards, supra,* is to allow the trier of fact to determine the truth of the admission and the credibility of the witness who repeats the admission. The general reliance on the old rule has been substantial. *People v Sartori,* 168 Mich 308; 134 NW 200 (1912). Finally, the effect on the administration of justice would be substantial if declarations against penal interest were given retroactive effect because of the serious risk of fabrication of testimony that could take place after trial.

Therefore, based upon the three factor test set forth in *Hampton, supra,* we hold that *People v Ernest Edwards, supra,* has prospective effect only.[2] Furthermore, the trial court did not abuse

---

[2] We note that the declarations against penal interest were not offered at trial in the present case as in *People v Ernest Edwards,* 396

its discretion since it did consider the inadmissible evidence in ruling on the defendant's motion for new trial.

## III

Defendant next claims that the trial court erred in not allowing testimony that would lay a foundation for the admission of polygraph examination results. He urges rejection of the rule that the results of a polygraph examination and the opinion testimony based thereon are inadmissible as a matter of law in Michigan. *People v Liddell,* 63 Mich App 491, 494–495; 234 NW2d 669, 671–672 (1975). The polygraph issue is currently pending before the Michigan Supreme Court in *People v Barbara, lv granted,* 391 Mich 761 (1974) and it is that Court's role to fashion the proper limitations and exceptions to the polygraph rule. *People v Rodgers,* 66 Mich App 658, 663; 239 NW2d 701 (1976). Until changed by the Supreme Court polygraph examination results are inadmissible.

## IV

The defendant argues that it was reversible error to try a juvenile defendant on criminal charges in circuit court without conducting a preliminary examination. We find that the defendant waived any objection to the failure to hold a preliminary examination.[3] In *People v McKinley,*

Mich 551; 242 NW2d 739 (1976), but were offered as newly discovered evidence on a motion for new trial, where the trial judge has much more discretion. Thus *People v Ernest Edwards, supra,* is of questionable application to the case at bar.

[3] We do not address the issue of whether the waiver hearing the defendant received in probate court, with representation by counsel, the opportunity for cross examination, and a probable cause determination, will take the place of a preliminary examination because of the defendant's waiver.

32 Mich App 178, 179; 188 NW2d 238 (1971), defendant argued that his conviction was invalid because he did not have, nor waive, a preliminary examination on the charge of unarmed robbery as required by MCLA 767.42; MSA 28.982. The Court disagreed:

"Defendant's plea of guilty to the charge of unarmed robbery constituted a waiver of the statutory right to a preliminary examination. *People v Losinger,* [331 Mich 490; 50 NW2d 137 (1951)], *cert den* 343 US 911 (72 S Ct 644; 96 L Ed 1327) [1952], *People v Tate,* [315 Mich 76; 23 NW2d 211 (1946)], *People v Rufus Williams,* [23 Mich App 459, 467 fn 11; 179 NW2d 48 (1970)]."

In *People v Tate, supra,* at 80, the Court held:

"A defendant in a criminal case may waive his right to have a preliminary examination before an information is filed against him, as well when called upon to plead to the information as when brought before the examining magistrate. And if, at the time of pleading, he make no objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived or then intends to waive it."

See *People v Harris,* 144 Mich 12, 14; 107 NW 715 (1906).

In the present case, the defendant stood mute at the arraignment on the information and the court entered a plea of not guilty and at no time prior to, during, or even after trial until on appeal to this Court, did the defendant object to the failure to provide a preliminary examination. He cannot now be heard to complain. *Cf. People v Cullens,* 55 Mich App 272, 274; 222 NW2d 315, 316 (1974), *People v Miller,* 62 Mich App 495, 497; 233 NW2d 629, 630 (1975).

## V

Defendant next argues that the trial court erred in admitting into evidence a coat taken from the defendant where the foundation laid for admission was inadequate to show that the object offered was the same object involved in the incident. Defendant made no objection at trial or thereafter until appeal, and absent a showing of manifest injustice, specific objections to the admission of evidence cannot be raised for the first time on appeal. *Arnold v Ellis,* 5 Mich App 101, 113; 145 NW2d 822, 828 (1966), *Mauricio v Tobias,* 52 Mich App 127, 128; 216 NW2d 602 (1974). We find no manifest injustice.

## VI

Defendant contends that the trial court erred in instructing the jury by giving an inadequate definition of specific intent and by the lack of separate instructions on specific intent for each offense on which the jury was instructed. We find that the instruction taken as a whole covered the specific intent element and charged that specific intent must be found apart from the physical act. *People v Asher,* 32 Mich App 380, 392; 189 NW2d 148, 154, *lv den,* 385 Mich 767 (1971). It must further be noted that no objection was made to these instructions and any error in the instructions does not arise to manifest injustice. GCR 1963, 516.2.

Finally, the defendant argues that the trial court erred in instructing the jury on aiding and abetting where defendant was not charged as an accessory. This same issue was framed for this Court in *People v Clark,* 57 Mich App 339, 343–344; 225 NW2d 758, 760 (1975), where the Court held that including a charge to the jury of aiding

and abetting when the information did not include this charge was not erroneous and did not result in a denial of due process. Since no objection was made at trial, appellate review is precluded. GCR 1963, 516.2.

We further find that the sub-issues raised by the defendant are without merit.

Conviction affirmed.