PEOPLE v PETERS

Docket No. 78-4236. Submitted January 3, 1980, at Lansing.—Decided
February 21, 1980.

Michael R. Peters was convicted, on his plea of guilty, of armed
robbery, Macomb Circuit Court, Kenneth N. Sanborn, J. The
defendant appeals, alleging that 1) statements taken from him
by the police were involuntary since, as a 16-year-old minor, he
was incapable of waiving his rights to remain silent and to the
presence of an attorney, 2) his plea bargain was illusory be-
cause he could not have been properly convicted of a felony-
murder charge, a charge dropped by the prosecution pursuant
to a plea bargain, since he neither committed nor aided and
abetted in the murder of the robbery victim, and 3) the testi-
mony offered at the probate court hearing for waiver of juris-
diction and at the preliminary examination was insufficient to
show probable cause to charge him with felony murder. *Held:*

1. The defendant's counselled guilty plea, nearly eight
months after the incriminating statements were made, consti-
tutes a waiver of the purported infirmity in the obtaining of the
statements.

2. The defendant, as a matter of law, could have been
properly charged with felony murder in count I in the informa-
tion. As such, a valid promise to forego prosecution of this
charge in exchange for the defendant's plea to the second count
was of significant benefit to the defendant.

3. The defendant, by pleading guilty without seeking review

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 495.
Court's duty to advise or adminish accused as to consequences of
plea of guilty or to determine that he is advised thereof. 97
ALR2d 549.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 485, 491.5, 505.
Right to withdraw guilty plea in state criminal proceedings where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.

[4] 21 Am Jur 2d, Criminal Law § 495.

[5, 6] 21 Am Jur 2d, Criminal Law § 446.

in the circuit court of the juvenile waiver decision, waived any infirmity in the waiver proceedings.

4. Errors and irregularities relating to a preliminary examination may not be raised on appeal to the Court of Appeals unless those issues were timely raised prior to or at trial or before the defendant pleads guilty. The issue of any impropriety in the preliminary examination has not been preserved for appeal.

Affirmed.

1. CONSTITUTIONAL LAW — MIRANDA RIGHTS — PLEA OF GUILTY — WAIVER.

A guilty plea made by a defendant with counsel present nearly eight months after the defendant made statements to the police, which he alleges on appeal were taken in violation of his *Miranda* rights because as a minor he was incapable of waiving those rights, constituted a waiver of the purported infirmity in obtaining the statements.

2. CRIMINAL LAW — PLEA OF GUILTY — ILLUSORY PLEA BARGAINS.

Guilty pleas entered in response to illusory plea bargains should not be allowed to stand.

3. CRIMINAL LAW — PLEA OF GUILTY.

A plea of guilty entered pursuant to a plea agreement should be upheld notwithstanding that there was a failure of consideration between the parties regarding the plea agreement if the facts of the case indicate that the plea was nevertheless voluntary.

4. CRIMINAL LAW — JUVENILES — JURISDICTION — WAIVER OF JURISDICTION — PLEA OF GUILTY — COURTS.

A juvenile, over whom a probate court has waived jurisdiction, who enters a plea of guilty in circuit court without seeking circuit court review of the juvenile waiver decision has waived any infirmity in the waiver proceeding.

5. APPEAL AND ERROR — CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

Errors and irregularities relating to a preliminary examination may not be raised on appeal unless they were timely raised prior to or at trial.

6. CRIMINAL LAW — EVIDENCE — PLEA OF GUILTY — SUFFICIENCY OF EVIDENCE.

A defendant cannot, subsequent to his plea of guilty, raise ques-

tions about the sufficiency of the evidence presented at the preliminary examination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Alice F. Sage,* Assistant Prosecuting Attorney, for the people.

*Max D. McCullough,* for defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and MacKENZIE, JJ.

PER CURIAM. On August 4, 1978, defendant pled guilty to the offense of armed robbery, contrary to MCL 750.529; MSA 28.797. He was sentenced to 10 to 15 years imprisonment and appeals as of right, raising three issues. We consider each in turn.

First, defendant claims that statements taken from him by police officers while in their custody were involuntary since he, as a 16-year-old minor, was incapable of waiving his *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), rights to remain silent and to the presence of an attorney. On December 13, 1977, defendant was arrested with his brother in connection with the December 12, 1977, robbery and shooting death of Janet DeCoster at her home in Macomb County. While in custody the following day, and after he was read his *Miranda* rights, defendant was questioned by the police. This questioning resulted in two or three incriminating statements. Defendant now challenges the admissibility of these confessions.

We need not reach the merits of defendant's claim that the confessions were illegally obtained because defendant's counselled guilty plea, nearly

eight months after the statements were made, constitutes a waiver of the purported infirmity. *People v Peters,* 397 Mich 360, 369-371; 244 NW2d 898 (1976). See *People v Figlus,* 86 Mich App 552; 272 NW2d 722 (1978).

Second, defendant contends that his plea bargain was illusory because, while he accepted the prosecutor's offer to plead guilty to armed robbery in exchange for the prosecutor's dismissal of a felony-murder charge, defendant states that he could not have been properly convicted of this charge since he neither committed nor aided and abetted in the murder of Janet DeCoster.

Following the lead of the United States Court of Appeals in *Hammond v United States,* 528 F2d 15 (CA 4, 1975), this Court has not hesitated to take appropriate action on an appeal from a guilty plea which is involuntary as a matter of law because the bargain on which the plea was based was illusory. *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977), *People v Roderick Johnson,* 86 Mich App 77; 272 NW2d 200 (1978), *People v Sanders,* 91 Mich App 737; 283 NW2d 841 (1979). Conversely, if the facts in the case indicate that "the plea was nevertheless voluntary", the plea will be upheld notwithstanding that there was a failure of consideration between the parties regarding part of the plea agreement. *People v Phillip Smith,* 407 Mich 906 (1979), *People v James,* 90 Mich App 424; 282 NW2d 344 (1979), *People v Rowe,* 85 Mich App 106; 270 NW2d 472 (1978).

Nonetheless, in the instant case, it is unnecessary to consider the merits of the plea-bargaining arrangement since, as a matter of law, defendant

could have been properly charged with felony murder in count I of the information.[1] As such, a valid promise by the prosecutor to forego prosecution of this charge in exchange for defendant's plea to the second count was of significant benefit to the defendant. The value of the bargain to defendant was genuine, valid, and known to defendant. Therefore, since defendant surrendered his right to trial in full apprehension of the value of the commitments made to him, his plea of guilty cannot be challenged as being the result of an illusory plea bargin.

Finally, defendant claims that the testimony offered at the waiver hearing and the preliminary examination was insufficient to show probable cause to charge him with felony murder. Whatever may be said about the merits of this contention, by pleading guilty without seeking review in the circuit court of the juvenile waiver decision, defendant waived any infirmity in that proceeding. *People v Figlus, supra, People v Mahone,* 75 Mich App 407; 254 NW2d 907 (1977). Likewise, "[e]rrors and irregularities relating to the preliminary examination may not be raised on appeal [to this Court] unless those issues were timely raised prior to or at trial" or before defendant pleads guilty. *People v Miller,* 62 Mich App 495, 497; 233 NW2d 629 (1975). In addition, the defendant cannot, subsequent to his guilty plea, raise questions about the sufficiency of the evidence before the examining magistrate. *Id.,* at 498, *People v Cullens,* 55 Mich App 272; 222 NW2d 315 (1974). Accordingly, we conclude that the issue has not been preserved for appellate review.

Affirmed.

[1] See *e.g., People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969), *People v Wirth,* 87 Mich App 41; 273 NW2d 104 (1978).