PEOPLE v MOORE

Docket No. 64341. Submitted May 11, 1983, at Lansing.—Decided September 7, 1983.

Rupert A. Moore was convicted, on his plea of guilty, of first-degree criminal sexual conduct and assault with intent to commit murder, Washtenaw Circuit Court, Henry T. Conlin, J. Defendant appealed, alleging several errors. *Held:*

1. The examining magistrate did not err in binding defendant over on a charge of assault with intent to kill. Positive proof of an intent to kill is not necessary to support a bindover; it is sufficient if there is evidence of an intent to kill or evidence from which such an intent may be inferred.

2. The guilty pleas were not induced by an illusory bargain. The prosecutor agreed to dismiss kidnapping and habitual offender charges in exchange for defendant's pleas. The defendant could have been convicted on those charges in addition to the charges to which he pled.

3. Defendant's claim that he is entitled to resentencing because the judge and defense counsel held a presentencing conference in defendant's absence is not supported by a showing on the record that what transpired at the conference was objectionable in any way.

4. Defendant's claim of ineffective assistance of counsel is deemed to be waived. The claim rests upon allegations of facts not of record. Such a claim will not be reviewed unless the defendant has made a motion for a new trial or for an evidentiary hearing or a motion in the Court of Appeals for a remand

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 578-580.

[2] 1 Am Jur 2d, Abduction and Kidnapping § 9.

Seizure or detention for purpose of comitting rape, robbery, or similar offense as constituting separate crime of kidnapping. 43 ALR2d 699.

[3] 4 Am Jur 2d, Appeal and Error § 541.

5 Am Jur 2d, Appeal and Error § 624 *et seq.*

Waiver or estoppel in incompetent legal representation cases. 2 ALR4th 807.

[4] 4 Am Jur 2d, Appeal and Error §§ 476, 478, 481.

to develop a testimonial record. No such motions were made in this case.

5. Defendant's claim that the circuit court did not have jurisdiction because of a violation of the 180-day rule is without merit.

Affirmed.

1. ASSAULT AND BATTERY — INTENT TO MURDER — EVIDENCE.

Positive proof of an intent to kill is not necessary to support a magistrate's determination to bind a defendant over for trial on a charge of assault with intent to murder; it is sufficient to present evidence of an intent to kill or evidence from which an intent to kill may be inferred.

2. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — KIDNAPPING.

It is not improper to convict a defendant of both first-degree criminal sexual conduct and kidnapping where a properly instructed jury could find under the facts of the case that movement of the rape victim was sufficient to satisfy the requisite asportation element for a kidnapping conviction.

3. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL — EVIDENTIARY RECORD.

The Court of Appeals will not review a claim of ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing has been made and where a timely motion for a remand has not been filed with the Court of Appeals; it is incumbent upon the defendant to make an evidentiary record at the trial court level in order to support such a claim.

4. APPEAL — MOTION TO REMAND — COURT RULES.

A timely motion to remand, made prior to submission of a case to the Court of Appeals on the merits, will be granted if the motion reveals that a testimonial record must be developed (GCR 1963, 817.6).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*Michael A. Courtney,* for defendant on appeal.

Before: MacKenzie, P.J., and M. J. Kelly and S. Everett,* JJ.

Per Curiam. Defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and assault with intent to commit murder, MCL 750.83; MSA 28.278. Sentenced to serve two concurrent terms of from 20 to 30 years in prison, consecutive to another sentence which he is presently serving, defendant appeals as of right.

Defendant argues first that the examining magistrate abused his discretion in binding defendant over on the charge of assault with intent to commit murder because of a lack of evidence that defendant had an intent to kill. We have reviewed the preliminary examination transcript and agree with the magistrate that there was sufficient evidence of an intent to kill to bind defendant over on the assault with intent to murder charge. Defendant brought up the subject of killing during the episode. Defendant tried to strangle his victim. The attack did not cease until the victim convinced the defendant that he needed her alive so that she could drive her car. Positive proof of an intent to kill is not required; rather, there need only be evidence of an intent to kill or evidence from which an intent to kill may be inferred. See *People v Oster,* 67 Mich App 490, 495; 241 NW2d 260 (1976), *lv den* 397 Mich 848 (1976).

Defendant argues next that his guilty pleas were induced by an illusory plea bargain agreement, in which the prosecutor agreed to dismiss kidnapping and habitual offender charges. Defendant argues that the prosecutor could not have convicted him of kidnapping. We disagree that defendant could not have been convicted of kidnapping along with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the other two offenses. In *People v Barker,* 411 Mich 291; 307 NW2d 61 (1981), the Supreme Court made clear that an individual can be convicted of kidnapping and related offenses. Indeed, the Court commented:

"Our holding does not preclude the possibility of the concurrent commission of first-degree criminal sexual conduct and kidnapping. A properly instructed jury could find under the facts of a particular case, for example, that movement of the rape victim was sufficient to satisfy the requisite asportation element for a kidnapping conviction." *Barker, supra,* pp 301-302.

We find no barrier to defendant's being exposed to trial for and convicted of kidnapping.

Defendant's next argument is that he is entitled to resentencing because the sentencing judge and defense counsel had a presentence conference in defendant's absence. Defendant has failed to make a showing on the record that what transpired at the conference was objectionable in any form. Thus, there is no error. See *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981).

Defendant argues next that he was denied effective assistance of counsel. Defendant claims that he informed his court-appointed attorney that he was not present at the commission of the offense but that his attorney told him that he must first take a polygraph examination before his attorney would proceed with such a defense. No evidence has been cited in support of the defendant's assertion that such an exchange occurred between him and his trial counsel.

Defendant did not move for a new trial at the trial court level, nor did he request that the trial court conduct an evidentiary hearing in support of his claim. In proceeding to this Court, defendant

did not move, prior to filing a brief on the merits, for a remand to the trial court for purposes of conducting an evidentiary hearing.

To the extent that a defendant's ineffective-assistance-of-counsel claim depends on facts not of record, it is incumbent upon him to make an evidentiary record at the trial court level in connection with a motion for a new trial. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Thus, this Court will not review a claim of ineffective assistance of counsel based on allegations not supported by the record when no motion for a new trial or for an evidentiary hearing has been made and where a timely motion for a remand has not been filed with this Court. *People v Lawson,* 124 Mich App 371; 335 NW2d 43 (1983). A timely motion to remand, made prior to submission of the case on the merits, will be granted if the motion reveals that a testimonial record must be developed. See GCR 1963, 817.6. Since defendant's claim relies on facts not of record, failure to seek a remand in order to develop an evidentiary record precludes us from reviewing his claim. Thus, we deem the issue waived.

In a supplemental brief, defendant argues that the 180-day rule, MCL 780.131; MSA 28.969(1), was violated and that, therefore, the circuit court did not have jurisdiction to accept defendant's plea. We have reviewed the record and find this argument to be without merit. We find prompt good-faith action on the case during the 180-day time period in readying the case for trial. See generally *People v Till,* 115 Mich App 788, 792; 323 NW2d 14 (1982), *lv den* 417 Mich 929 (1983).

Affirmed.