PEOPLE v MROZEK

Docket No. 81523. Submitted September 4, 1985, at Detroit.—Decided
November 19, 1985.

Michael J. Mrozek was convicted, on his plea of guilty, of armed
robbery and felony-firearm, Oakland Circuit Court, Robert C.
Anderson, J. Defendant appealed, alleging that his guilty plea
was involuntary because the prosecutor's promise to dismiss a
charge of escape was illusory and that the benefits of his
bargain were not fully understood because, while a promise was
made not to bring a murder charge, the facts of the case would
not have supported a murder charge. *Held:*

1. The prosecutor's promise to dismiss the escape charge was
not illusory. Defendant's allegation that a sentence on the
escape charge would have been required to run concurrently
with that on the armed robbery conviction, thus resulting in no
benefit to defendant when the escape charge was dismissed, is
without merit.

2. Because no murder charge was ever instituted and no
preliminary examination held on such a charge, there is no
evidentiary record upon which the Court of Appeals can rely
for a determination of whether the facts of the case could have
supported a charge of murder.

3. When a charge is dismissed or otherwise foregone as part
of a plea bargain, a defendant may not later claim a lack of
evidence to support that charge unless he either waits until a
preliminary examination is conducted before pleading guilty or
in good faith alleges an abuse of prosecutorial discretion or
other bad faith conduct in bringing the charge, in threatening
to bring the charge, or in failing to correct the defendant's
communicated, mistaken perception that the charge is possible.

4. Defendant's plea bargain was not illusory.

REFERENCES

Am Jur 2d, Appeal and Error §§ 515 *et seq.*

Am Jur 2d, Criminal Law §§ 408 *et seq.,* 481-485.

Right to withdraw guilty plea in state criminal proceeding where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.

Enforceability of plea agreement, or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for other crimes. 43 ALR3d 281.

5. There is no evidence to support defendant's allegation that he was denied the effective assistance of counsel.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAIN.

A guilty plea may be invalidated where it was involuntary as a matter of law because the bargain on which it was based was illusory; however, a plea will be upheld where the value of the bargain is genuine, valid, and known to the defendant, whether or not the defendant received consideration in return for the plea.

2. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAIN — SUPPORT FOR CHARGE.

A defendant who has agreed that a charge be dismissed or otherwise foregone as a part of a plea bargain may not later claim that there was a lack of evidence to support such a charge unless he (1) waits until a preliminary examination is conducted before pleading guilty or (2) in good faith alleges an abuse of prosecutorial discretion or other bad faith conduct in bringing the charge or in failing to correct the defendant's communicated, mistaken perception that bringing the charge is possible.

3. CRIMINAL LAW — INITIATION OF CHARGES.

Decisions regarding the initiation of criminal charges are discretionary executive acts.

4. CRIMINAL LAW — APPEAL — EVIDENTIARY RECORD.

A defendant who has pled guilty and who wishes to urge on appeal claims which are not factually supported by the record should move in the trial court to set aside the plea and to make a separate record factually supporting the claims.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Michael A. Courtney,* for defendant on appeal.

Before: T. M. BURNS, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. Pursuant to a negotiated plea agreement, the defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). As part of the agreement, defendant testified for the prosecution during the trial of Perry Bradley, an individual who had also been involved in the incident which led to the charges against defendant. In exchange for defendant's testimony and plea, he understood that he would be charged only with armed robbery and felony firearm. Defendant specifically noted, both on the signed plea form and orally at the plea-taking proceedings, that as a term of the agreement, he would not be charged with murder or any other offense. In addition to the agreement that no other charges stemming from the incident would be brought against defendant, the prosecutor also agreed to dismiss a charge of escape which had been brought against defendant subsequent to the initial charges. The trial court sentenced defendant to two years on the felony-firearm charge and to a consecutive life sentence for the armed robbery. Defendant appeals from his plea-based convictions as of right. We affirm.

Defendant claims that his guilty plea was involuntary. Defendant contends that the prosecutor's promise to dismiss the escape charge was illusory since defendant's sentence on the escape charge would have been required to run concurrently with that on his armed robbery conviction. He also contends that he did not know the actual value of the commitments made to him and that the benefits to be derived from the plea were grossly exaggerated since the facts of the case would not support a murder charge.

A guilty plea will be invalidated if it is involuntary as a matter of law because the bargain on

which the plea was based was illusory. *People v Peters*, 95 Mich App 589, 592; 291 NW2d 133 (1980). However, where the value of a bargain is genuine, is valid, and is known to a defendant, that plea will be upheld. *People v Peete*, 102 Mich App 34, 38; 301 NW2d 53 (1980), *lv den* 411 Mich 962 (1981). Moreover, where the facts in a case indicate that a plea is voluntary, whether or not defendant received consideration in return, the plea will be upheld. *Id.*

We reject defendant's claim that the prosecutor's promise to dismiss the escape charge was illusory. Defendant cites no authority for his allegation that a sentence on the escape charge would have been required to run concurrently with a sentence for the armed robbery conviction. Neither has defendant indicated which statutory provision provided the basis for the escape charge. We note that the escape provisions are contained in MCL 750.193; MSA 28.390 through MCL 750.197c; MSA 28.394(3). Most of those provisions provide either for mandatory consecutive sentencing or for the imposition of fines. Moreover, it is widely recognized that sentence consequences are not the only benefits that may be received in plea bargaining. A conviction with no effect on a sentence may punish a defendant in several ways, including an adverse impact on parole considerations. *People v Peete, supra.*

Defendant next alleges that murder charges were not possible under the facts of this case, and that his belief that murder charges were possible exaggerated his perception of the benefit of his plea and made the plea involuntary. Indeed, a situation may arise where a bargain is illusory because the defendant is misinformed as to the benefit of his plea. For instance, if an accused is not in fact a potential subject of habitual offender

supplementation because the recidivist statutes are not legally applicable to the defendant and if the plea is induced by a promise to forego such a proceeding, the defendant is per se misinformed as to the benefit of his plea. *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978). Moreover, if a defendant is *improperly* charged with a greater offense, his plea to a leseer offense will be involuntary if it is induced by a desire to avoid the possiblity of a conviction on the greater offense. *People v Goins,* 54 Mich App 456, 461-462; 221 NW2d 187 (1974), *lv den* 393 Mich 807 (1975). In each of the foregoing cases there was a legal bar to conviction on the offense dismissed pursuant to the bargain. A rule of law prevented conviction under the clear facts of each case. However, in the present situation, defendant argues that the disputed facts of the case would not support a murder charge. A claim similar to that made by defendant was raised in *People v Peters, supra.* The defendant therein contended that his plea bargain was illusory, claiming that he could not have been properly convicted of the felony-murder charge which was dismissed in exchange for his plea since he neither committed nor aided and abetted in the murder of the victim. In *Peters,* this Court held as a matter of law that the defendant therein could have been properly charged with felony-murder and that, therefore, the value of the bargain to defendant was genuine, valid, and known to him. However, the present situation differs from *Peters* in that the underlying facts of the case are not available to this Court. Defendant was never charged with murder and, accordingly, no preliminary examination was ever held. There is no way for us to determine whether there would be factual support for a murder charge on either an aiding and abetting or an agency theory. How-

ever, we find that a review of the facts is unnecessary in order to affirm defendant's conviction.

During the hearing on defendant's motion to withdraw his guilty plea, defendant moved in the alternative for an evidentiary hearing to determine whether there was evidence to support a murder charge against him. On appeal, defendant would have us remand for such an evidentiary hearing. However, we cannot condone a procedure which would require after-the-fact production of evidence sufficient to bind a defendant over on charges which were dismissed or never even filed against a defendant. There is no need to hold, in essence, an after-the-fact "preliminary examination" for a possible charge arising out of an occurrence when a defendant is not convicted on that charge. We hold that when charges are dismissed or otherwise foregone as part of a plea bargain, a defendant cannot later claim a lack of evidence to support such charges unelss he (1) waits until a preliminary examination is conducted before pleading guilty or (2) in good faith alleges an abuse of prosecutorial discretion or other bad faith conduct in bringing a charge, in threatening to bring a charge, or in failing to correct the defendant's communicated, mistaken perception that a charge is possible.[1]

A substantial benefit is gained by a defendant from the dismissal of (or forebearance in bringing

---

[1] Even if a preliminary examination is held, a defendant may not be able to claim error. The allegation of lack of evidence to establish the probable cause necessary to support a bind-over on a charge which is no longer pursued as part of a bargain is actually less substantial than an allegation of insufficient evidence to bind over on a charge to which defendant pled guilty. There is a conflict among the decisions of this Court as to whether a defendant waives any claim regarding defects in the preliminary examination upon pleading guilty. Compare *People v Jones,* 111 Mich App 465; 314 NW2d 654 (1981), and *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978), with *People v Schaffer,* 129 Mich App 287; 341 NW2d 507 (1983). We express no opinion in this regard.

of) any charges which a prosecutor, in good faith and with due regard to existing or readily discoverable evidence, believes may be possible in the case. Decisions regarding the initiation of criminal charges are discretionary executive acts. *In re Petition for Appointment of Special Prosecutor,* 122 Mich App 632, 636; 332 NW2d 550 (1983), *lv den* 417 Mich 1086 (1983); *People v Thomas,* 118 Mich App 667, 670; 325 NW2d 536 (1982). Charges may rightfully be brought against a defendant even though it might later be determined at a preliminary examination that there is insufficient evidence to justify binding a defendant over for trial.[2] A defendant may plead guilty at any stage during the proceedings. Until it is determined that there is insufficient evidence to bind a defendant over on a given charge, there is a risk to the defendant that he may eventually be convicted of that charge. By pleading guilty pursuant to a plea bargain whereby the prosecutor agrees not to bring such charge, the defendant avoids that risk at an early stage in the proceedings. He receives peace of mind and the absolute assurance that he will never be convicted thereon. However, by pleading guilty at that time, a defendant foregoes the right to have the prosecution establish probable cause to believe that defendant committed the crime. Since the prosecution is not required to establish such probable cause, there is nothing for us to review.

In the present situation, defendant has gained a substantial benefit from an agreement whereby he

---

[2] However, a prosecutor may not abuse his discretion through the use of an unwarranted or legally impermissible charge as a plea bargaining tool. Prosecutors retain a duty to use due diligence in discovering the actual facts of a case. For instance, a cursory investigation will, in most cases, provide the facts necessary to determine whether a habitual offender charge could possibly be brought.

was assured that any and all potential charges which could possibly arise out of the criminal episode could no longer be brought against him. By failing to wait for the murder charge to be brought and for a preliminary examination to be conducted on that charge, and by failing to allege that the prosecutor somehow acted in bad faith in leading defendant to believe a murder charge was possible, defendant has not presented any ground on which his guilty plea can be set aside. The value of his bargain was genuine, valid and known to him. His plea bargain was not illusory.

Finally, defendant alleges that his plea was involuntary because it was induced by the advice of his counsel that murder charges were possible when they were not. Defendant claims that he has been denied the effective assistance of counsel. Defendant's argument is based on his appellate counsel's claim that "it is apparent that defense counsel mistakenly advised defendant-appellant that murder charges were possible". We reject defendant's argument. It is not readily apparent, as defendant contends, that trial counsel advised defendant that murder charges were possible. If the record made before a defendant is convicted does not factually support claims he wishes to urge on appeal, he should move in the trial court to set aside the plea and to make a separate record factually supporting the claims. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Moore,* 129 Mich App 354, 358; 341 NW2d 149 (1983). There is absolutely no evidence in the record as to what advice was given to defendant by defense counsel. There is no evidence that trial counsel committed any mistakes. Defendant's conviction is, therefore, affirmed.

Affirmed.