PEOPLE v GRAVES

Docket No. 165485. Submitted September 15, 1994, at Detroit. Decided October 4, 1994, at 9:05 A.M.

William L. Graves pleaded guilty in the Recorder's Court of the City of Detroit, Dalton A. Roberson, J., of one count of armed robbery and of possession of a firearm during the commission of a felony, in accordance with a plea agreement whereby a second count of armed robbery would be dismissed. Both counts of armed robbery arose out of a single event in which the defendant and his accomplices took from a restaurant employee both the employee's wallet and a sum of money belonging to the restaurant, the wallet and the money forming the basis for the separate counts despite the fact there was but a single victim. The defendant appealed, contending that the plea agreement was illusory because he could have been convicted of only one count of armed robbery under the circumstances.

The Court of Appeals *held:*

Because armed robbery involves the felonious taking of property from a victim's person or presence, the number of counts of armed robbery arising out of a single transaction that can be brought against a single defendant cannot exceed the number of victims, no matter how many separate items are taken. Because there was only one victim in this case, there could be only one armed robbery count charged under these circumstances, and, thus, a conviction pursuant to the second armed robbery charge was legally barred. Accordingly, the agreement to dismiss the second charge was illusory, the plea was not understandingly and voluntarily made, and the defendant is entitled to withdraw his guilty plea.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for the defendant.

Before: Sawyer, P.J., and Fitzgerald and T. S. Eveland,\* JJ.

Per Curiam. Pursuant to a plea agreement whereby one count of armed robbery was dismissed, defendant pleaded guilty of one count of armed robbery, MCL 750.529; MSA 28.797, and of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a prison term of four to ten years for the robbery conviction and to a consecutive two-year prison term for the felony-firearm conviction. Defendant appeals as of right.

This case arises from a robbery that occurred at a Little Caesar's Restaurant. Defendant and two accomplices robbed the victim, a Little Caesar's employee, of money belonging to Little Caesar's and a wallet belonging to the victim.

Defendant contends that the plea agreement that led to his plea of guilty was illusory because it was based on the erroneous assumption that he could be tried for two counts of armed robbery. In *People v Gonzalez,* 197 Mich App 385, 391; 496 NW2d 312 (1992), this Court stated:

> A defendant's plea of guilty will not be set aside where we are convinced that it was knowingly, intelligently, and voluntarily given. MCR 6.302. However, this Court has invalidated pleas where the underlying bargain was illusory. *People v Mrozek,* 147 Mich App 304, 306-307; 382 NW2d 774 (1985). Nonetheless, if the value of the bargain is genuine, valid, and known to the defendant, the plea will be upheld. *Id.* One instance where this Court has found a plea to be illusory is where a defendant is improperly charged with a greater

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

offense and the defendant pleads guilty of a lesser offense to avoid conviction of the greater. *Id.* at 308; *People v Goins,* 54 Mich App 456, 461-462; 221 NW2d 187 (1974). Notwithstanding a lack of consideration to support a defendant's plea, we will not set the plea aside where the facts indicate that the plea is voluntary. *Mrozek, supra* at 307.

In this case, defendant contends that he could not be charged with two counts of armed robbery because only one person was robbed. We agree. The amended information names the same victim in both counts. Defendant was bound over on two counts of armed robbery on the basis of the court's finding that both the Little Caesar's Restaurant and its employee, the victim in this case, were robbed of money during this transaction. However, a plain reading of the armed robbery statute reveals that one must feloniously take property from the victim's person or presence.[1] In this case, defendant robbed only one person, even though the property taken, which was all under the victim's control, did not all belong to him. Therefore, we conclude, as a matter of law, that defendant could not be charged properly with two counts of armed robbery.

Because there is a legal bar to conviction on the charge that was dismissed pursuant to the plea

---

[1] MCL 750.529; MSA 28.797 provides:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison.

bargain, and defendant's plea was induced by a promise to forgo that charge, defendant was misinformed concerning the benefit of his plea. See *People v Mrozek,* 147 Mich App 304, 308; 382 NW2d 774 (1985).[2] Thus, defendant is entitled to withdraw his guilty plea as not having been understandingly and voluntarily made.

Because our previous discussion effectively disposes of this case, we need not address defendant's remaining allegations of error.

Reversed and remanded.

---

[2] Defendant's additional argument that he did not receive any benefits as a result of the plea because the sentences would have been served concurrently is without merit. A conviction with no effect on a sentence may punish a defendant in several ways, including an adverse effect on parole considerations. *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980).