PEOPLE v LAMAR HARRIS

Docket No. 189962. Submitted February 5, 1997, at Grand Rapids. Decided June 10, 1997, at 9:10 A.M. Leave to appeal sought.

Lamar K. Harris pleaded guilty in the Washtenaw Circuit Court, Melinda Morris, J., of second-degree murder pursuant to a plea bargain under which a charge of first-degree murder and five other charges were dismissed. The defendant was sentenced to life imprisonment pursuant to the terms of the plea bargain. The defendant appealed, claiming that the plea bargain was illusory because he is likely to stay in prison for life, just as if he had been convicted of first-degree murder and received a sentence of life imprisonment without parole, in light of statistics indicating that convicts sentenced to parolable life terms are rarely granted parole and that, accordingly, the trial court abused its discretion in denying his motion to withdraw the guilty plea and trial counsel provided ineffective assistance.

The Court of Appeals held:

1. The plea bargain was not illusory. There are real differences between the prospects of those who are sentenced to life imprisonment without parole and those who are sentenced to parolable life terms when the rates at which sentences are commuted are examined and the likelihood of legislative changes regarding parole for those with parolable life terms is considered.

2. Because the plea bargain was not illusory, trial counsel did not render ineffective assistance in advising the defendant to accept the plea bargain.

Affirmed.

HOMICIDE — FIRST-DEGREE MURDER — SECOND-DEGREE MURDER — PLEA BARGAINS.

Sentences of life imprisonment without parole for first-degree murder and life imprisonment for second-degree are sufficiently different such that a person charged with first-degree murder does not engage in an illusory plea bargain in agreeing to plead guilty of second-degree murder and be sentenced to life imprisonment in exchange for the dismissal of the original charge.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*) and Lamar K. Harris, in propria persona.

Before: BANDSTRA, P.J., and HOEKSTRA and J. M. BATZER*, JJ.

BANDSTRA, P.J. In return for the dismissal of a first-degree murder charge and other charges, defendant pleaded guilty of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to life in prison. On appeal, defendant argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea and that his counsel was ineffective. We affirm.

There is no absolute right to withdraw a guilty plea once it has been accepted. *People v Gomer*, 206 Mich App 55, 56; 520 NW2d 360 (1994). When a defendant moves to withdraw his guilty plea before sentencing, the burden is on the defendant to establish a fair and just reason for withdrawal of the plea. *People v Jackson*, 203 Mich App 607, 611; 513 NW2d 206 (1994). A trial court's denial of a defendant's motion to withdraw a guilty plea is reviewed for an abuse of discretion. *People v Kennebrew*, 220 Mich App 601, 605; 560 NW2d 354 (1996); *People v Spencer*, 192 Mich App 146, 150; 480 NW2d 308 (1991).

In this case, defendant asserts that the trial court misled and misinformed him regarding the difference between the sentences for first- and second-degree

---

* Circuit judge, sitting on the Court of Appeals by assignment.

murder. We have reviewed the trial court's statements at the guilty plea hearing and conclude that they were neither incorrect nor misleading. Reasonably understood, the court's comments informed defendant that a second-degree murder sentence presented the possibility of parole whereas a first-degree murder sentence did not. This is a correct statement. Defendant argues in his appellate brief that one "clear implication" of the trial court's statements was "a reasonable expectation . . . that [defendant] would get out of prison at some time" pursuant to parole procedures.[1] We disagree; the trial court correctly informed defendant of the "possibility of being paroled" and made no comment regarding whether parole would actually ever occur.

Defendant also argues that his motion to withdraw the guilty plea should have been granted because that plea was "based upon an illusory sentencing benefit." A defendant may be entitled to withdraw a guilty plea if the bargain on which the plea was based was illusory, meaning that the defendant received no benefit from the agreement. *People v Graves*, 207 Mich App 217, 218; 523 NW2d 876 (1994); *People v Mrozek*, 147 Mich App 304, 306-307; 382 NW2d 774 (1985). However, where the facts in a case indicate that a plea is voluntary, the plea will be upheld regardless of

---

[1] Similarly, defendant argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea because it was acting on an erroneous determination of law or clearly erroneous findings of fact. Defendant argues that the court based its denial of the motion on the notion that defendant had a good chance of being paroled. The record does not support that understanding of the trial court's reasoning in denying the motion; the trial court specifically told defendant that "[y]ou're going to spend probably most of your life in prison."

whether the defendant received consideration in return. *Graves, supra* at 219; *Mrozek, supra* at 307.

The gist of defendant's argument here is that there is no practical sentencing difference between first-degree and second-degree murder. Defendant points out that he could be released from prison under a sentence for first-degree murder of life without parole through a gubernatorial commutation under Const 1963, art 5, § 14. Citing statistics regarding the limited number of paroles granted to persons sentenced to parolable life imprisonment, defendant argues that he would have had an equal chance of being released from incarceration through a commutation had he been convicted of first-degree murder.

Even assuming arguendo that, as defendant contends, "most prisoners sentenced to parolable life are never released from prison,"[2] we do not conclude that defendant's plea bargain was illusory. While defendant argues quite creatively that the sentencing differences between first-degree murder and second-degree murder may not be as significant as they seem, there are still differences that could lead a defendant to reasonably conclude that pleading guilty of the lesser charge is a better option. Defendant concedes that the "maze of statistics" presented to show that parole and commutation rates are similar also show that "[t]he numbers . . . appear to be slightly higher for lifer law paroles." Thus, these statistics demonstrate that a second-degree murder conviction is more advantageous than a first-degree murder conviction. A second-degree murder conviction may also be more

---

[2] See *People v Cooper*, 440 Mich 858, 860 (1992) (CAVANAGH, C.J., BRICKLEY, and LEVIN, JJ., dissenting from denial of leave to appeal).

desirable because legislative changes could increase the possibility of parole in the future. As a result of prison overcrowding concerns or for other reasons, the Legislature may well change the lifer law parole process to defendant's benefit. That process is established exclusively by statute, MCL 791.234; MSA 28.2304, and amenable to change through the relatively simple legislative process. In contrast, commutation powers are vested in the Governor through our constitution and could not be significantly altered without constitutional revision.

These considerations are merely illustrative of the fact that, however slight, there are real differences between the sentencing prospects for first- and second-degree murder.[3] Defendant's plea bargain was not illusory and there was no abuse of discretion in the trial court's denying the motion to withdraw that plea.

Finally, defendant argues that his trial counsel was ineffective in advising him to accept an illusory plea agreement. We have concluded that the primary plea bargain agreed to here, dismissing a first-degree murder charge and pleading to a second-degree charge, was not illusory. Beyond that, at least five other charges were dismissed against defendant in this case and another case in return for the plea. All of this

---

[3] Our job is not to determine whether there is "enough" of a difference between the options presented to a defendant to conclude that the resulting plea bargain was not illusory. If we were to adopt defendant's argument, there is no telling what plea bargains would be branded "illusory" by defendants in the future. As one example, a defendant facing multiple assault charges and pleading down to one charge could well argue that the sentences for the dismissed charges would likely have been imposed concurrently. Thus, the defendant could argue that the plea bargain was illusory; had the defendant proceeded to trial on all charges and been convicted, his period of incarceration may not have exceeded that imposed for the one offense to which the defendant pleaded guilty.

belies defendant's argument that his counsel improperly advised him to accept an illusory plea agreement. We are not persuaded that there was deficient performance on counsel's part that prejudiced defendant. *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994).

We affirm.