# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ARTHUR LEE SHEARD, JR.,

Defendant-Appellant.

UNPUBLISHED
November 15, 2016

No. 328514
Muskegon Circuit Court
LC No. 14-064629-FH

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted his conviction for unarmed robbery, MCL 750.350. We affirm.

The victim, Barbara Kartes, was unloading her groceries from her shopping cart into the back of her vehicle, which was parked in a Meijer parking lot. She left her purse in the shopping cart. Defendant drove his vehicle up to the victim's shopping cart and grabbed her purse. The victim then grabbed her purse, and defendant then accelerated his vehicle, dragging the victim. Defendant nearly struck a parked vehicle, and this caused the victim to be thrown into the side panel of the parked car. The victim suffered from a fractured skull with bleeding on her brain, concussion, traumatic brain injury, and a contusion on the back of her leg. She awoke four days after the robbery in the intensive care unit with no recollection of what occurred.

Defendant first argues that the trial court erred when it denied his motion to withdraw his guilty plea. We disagree. A trial court's decision regarding the withdrawal of a defendant's plea is reviewed for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *Brown*, 492 Mich at 693. Defendant argues that there was a defect in the plea taking procedure by the trial court's failure to comply with the plea taking obligations imposed by MCR 6.302. After reviewing the record, we conclude that the trial court fully complied with the plea taking procedure required by MCR 6.302. Thus, the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea on this basis. *Brown*, 492 Mich at 688.

-1-

Generally, a plea of guilty will not be set aside where it was knowingly, intelligently, and voluntarily given, but "this Court has invalidated pleas where the underlying bargain was illusory," meaning that a defendant did not receive any benefit from the agreement. *People v Gonzalez*, 197 Mich App 385, 391; 496 NW2d 312 (1992). And, defendant also argues that his plea agreement was illusory because there was a legal bar to the prosecution's ability to charge defendant with armed robbery because there was no weapon. We disagree. "[If] the value of the bargain is genuine, valid, and known to the defendant, the plea will be upheld." *People v Harris*, 224 Mich App 130, 132; 568 NW2d 149 (1997). "[W]here the facts in a case indicate that a plea is voluntary, the plea will be upheld regardless of whether the defendant received consideration in return." *Id.* at 132-133. When a defendant is misinformed about the benefit of his plea, the plea is not understanding and voluntary. *People v Graves*, 207 Mich App 217, 220; 523 NW2d 876 (1994). If there is a legal bar to the charge that was foregone by the plea bargain and the defendant's plea was induced by the promise to forego that charge, the defendant was misinformed about the benefit of his plea. *Id.*

Defendant alleges that the prosecution could not charge him with armed robbery because there was no proof that defendant possessed a weapon. Defendant argues that the vehicle was not used in a manner to induce the belief that the vehicle is a dangerous weapon. We disagree. In this case, defendant admitted at his plea hearing that he drove his vehicle in a manner to pull the victim and her purse in an effort to get the purse away from the victim. While a vehicle is not inherently a dangerous weapon, when used against another in furtherance of an assault, it is capable of inflicting serious injury. *People v Lange*, 251 Mich App 247, 256; 650 NW2d 691 (2002). How defendant used the vehicle made it a dangerous weapon. *Id.* Because the prosecution had a good faith belief that it could charge armed robbery, defendant received a benefit from the plea agreement. *People v Mrozek*, 147 Mich App 304, 309-310; 382 NW2d 774 (1985). Defendant benefited from the plea agreement because he did not face the risk of being charged with the greater crime, and he received peace of mind that he would not ever be charged with armed robbery for his robbery of the victim. If defendant had been convicted of armed robbery, he would have been subject to a mandatory minimum of 25 years given his habitual offender status and his prior armed robbery conviction. MCL 769.12(1)(a), (6)(c). Thus, the value of the plea bargain was genuine, valid, and known to defendant, and the plea was not illusory. *Gonzalez*, 197 Mich App at 391. Therefore, the trial court did not abuse its discretion when it denied defendant's motion to withdraw his plea. *Brown*, 492 Mich at 688.

Next, defendant argues that he was denied the effective assistance of counsel because his counsel allowed him to plead guilty. Defendant's claim of deficient performance rests on the fact that the threat of an armed robbery charge was "fictitious" and that counsel knew or should have known that the trial court failed to follow MCR 6.302. As discussed, the plea agreement was not illusory, so defense counsel was not deficient for allowing defendant to plead guilty to unarmed robbery to avoid the armed robbery charge. Recommending that defendant capitalize on the benefit of the bargain "was within the range of competence demanded of attorneys in criminal cases." *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997). Moreover, the trial court complied with MCR 6.302, so defense counsel was not deficient for agreeing that the trial court complied with the plea taking requirements. "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley*, 468

Mich 135, 142; 659 NW2d 611 (2003) (citations omitted). Therefore, defendant has not shown that defense counsel's performance was deficient.

Finally, defendant raises various sentencing concerns. First, defendant asserts that he is entitled to resentencing because his sentence was based on judicially found facts in violation of his Sixth Amendment right. We disagree. Unpreserved claims of a Sixth Amendment right to a jury trial are reviewed for plain error affecting substantial rights. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The Michigan Supreme Court held that "the Sixth Amendment does not permit judicial fact-finding to score OVs to increase the floor of the sentencing guidelines range" because judicial fact-finding to score OVs infringes upon a defendant's right to a jury trial. *Lockridge*, 498 Mich at 388-389. "The concern is that when a judge makes findings of fact 'beyond facts admitted by the defendant or found by the jury' in a sentencing proceeding that increases a defendant's minimum sentence, this runs afoul of a defendant's right to a jury trial." *People v Jackson (On Reconsideration)*, ___ Mich App ___; ___ NW2d ___ (Docket No. 322350, issued December 3, 2015); slip op at 12, quoting *Lockridge*, 498 Mich at 364. To remedy this constitutional violation, the *Lockridge* Court rendered the Michigan sentencing guidelines advisory only. *Lockridge*, 498 Mich at 391. However, a defendant who has received a sentence that is an upward departure "necessarily cannot show plain error because the sentencing court has already clearly exercised its discretion to impose a *harsher* sentence than allowed by the guidelines and expressed its reasons for doing so on the record." *Id.* at 395 n 31. "[As] a matter of law, a defendant receiving a sentence that is an upward departure cannot show prejudice and therefore cannot establish plain error." *Id.* Thus, in this case, because defendant received an upward departure sentence, he cannot demonstrate plain error. *Id.*

Next, defendant argues that his sentence was not reasonable. Formerly, the sentencing guidelines created a mandatory minimum, and a trial court could depart from the guidelines "if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). In *Lockridge*, 498 Mich at 364, however, the Michigan Supreme Court held that the mandatory nature of the sentencing guidelines was unconstitutional and rendered the guidelines advisory only. In doing so, the Supreme Court struck down the provision of MCL 769.34(3) that required a trial court to articulate a substantial and compelling reason to depart from the guidelines. *Id.* The Supreme Court in *Lockridge*, 498 Mich at 392, directed that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." "[T]his Court reviews a departure sentence for 'reasonableness' under an abuse-of-discretion standard governed by whether the sentence fulfills the 'principle of proportionality' set forth in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990),] 'and its progeny.' " *Masroor*, 313 Mich App at 373-374, quoting *Steanhouse*, 313 Mich App at 42-48. However, "a defendant who pleads guilty or nolo contendere with knowledge of the sentence, and who later seeks appellate sentence relief under [*Milbourn*] must expect to be denied relief on the ground that the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and offender." *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993).

Here, defendant agreed to the *Cobbs* agreement sentence of 19 years, and, as a result, he has waived appellate review of the proportionality of his sentence. *Cobbs*, 442 Mich at 285. Because the reasonableness of a sentence is determined by the proportionality of the sentence,

*Masroor*, 313 Mich App at 373-374, defendant has waived his claim that his sentence was unreasonable.

Next, defendant argues that offense variable (OV) 3 was improperly scored at 25 points. We disagree. Defendant has waived appellate review of his sentence because he understandingly and voluntarily entered into a specific plea agreement for a 19-year sentence, which exceeded the guidelines. *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005) ("[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence."). Moreover, we have reviewed the issue, and we find that the trial court did not clearly err when it found that the victim suffered a "[l]ife threatening or permanent incapacitating injury." MCL 777.33. The victim suffered a fractured skull with bleeding on her brain resulting in her being unconscious for four days in the intensive care unit. There was a preponderance of the evidence supporting the trial court's finding that the victim suffered a life threatening injury and it did not clearly err by scoring OV 3 at 25 points. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Additionally, there was a preponderance of the evidence to support that the victim suffered permanent incapacitating injury in the form of her post-concussion syndrome and loss of her senses of smell and taste. *Id.*

Affirmed.


/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien