*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER JOHN DRUMB,

        Defendant-Appellant.

UNPUBLISHED
May 7, 2020

No. 344616
Macomb Circuit Court
LC Nos. 2017-001354-FH;
        2017-001895-FC

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his motion to withdraw his no contest plea. In lower court docket number 2017-001895-FC, defendant pleaded no contest to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration committed by an individual 17 or older against an individual less than 13), one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (sexual contact committed by an individual 17 or older against an individual less than 13), and one count of attempted first-degree criminal sexual conduct, MCL 750.92; MCL 750.520b(2)(b) (attempted sexual penetration committed by an individual 17 or older against an individual less than 13). In lower court docket number 2017-001354-FH, defendant pleaded no contest to two counts of CSC-II. With respect to lower court docket number 2017-001895-FC, defendant was sentenced to 25 to 40 years' imprisonment for CSC-I, 9 to 15 years' imprisonment for CSC-II, and three to five years' imprisonment for attempted CSC-I. In lower court docket number 2017-001354-FH, defendant was sentence to 4 to 15 years' imprisonment for each count of CSC-II. The trial court

---

[1] Defendant's application for leave to appeal was originally denied by this Court. *People v Drumb*, unpublished order of the Court of Appeals, entered September 25, 2018 (Docket No. 344616). Defendant applied for leave to appeal to the Michigan Supreme Court, which remanded to this Court "for consideration as on leave granted." *People v Drumb*, 503 Mich 1001; 924 NW2d 550 (2019).

ordered that all counts for both docket numbers were to be served concurrently. We affirm. This appeal is being decided without oral argument under MCR 7.214(E)(1).

Defendant contends that his plea was not voluntary because it was made in exchange for the prosecutor's promise that defendant would receive concurrent sentences for his convictions. Defendant argues that this promise was illusory because defendant was not subject to consecutive sentencing for the charges against him.

"This Court reviews for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Anderson*, 501 Mich 175, 182; 912 NW2d 503 (2018). "This Court reviews de novo underlying questions of law and for clear error the trial court's factual findings." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017).

"Guilty- and no-contest-plea proceedings are governed by MCR 6.302." *Id.* at 616 (quotation marks and citation omitted). "Under MCR 6.302, to be valid, a plea must be understanding, voluntary, and accurate." *Id.* (quotation marks and citations omitted). A knowing plea is an "intelligent act[ ] done with sufficient awareness of the relevant circumstances and likely consequences," and a voluntary plea is made by a defendant "fully aware of the direct consequences of the plea." *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012) (quotation marks and citations omitted). A defendant who pleads no contest admits "all the essential elements of a charged offense and, thus, is tantamount to an admission of guilt for purposes of the criminal case." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). "Therefore, MCR 6.302(B)(2) requires the trial court to advise a defendant, prior to the defendant's entering a plea, of the maximum possible sentence for the offense . . . ." *Pointer-Bey*, 321 Mich App at 616 (quotation marks and citations omitted).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *Id.* at 615 (quotation marks and citation omitted). "A defendant seeking to withdraw his or her plea after sentencing must establish a defect in the plea-taking process." *Brown*, 492 Mich at 693. Defendant does not assert error by the trial court in the plea-taking process. Rather, defendant contends that his plea was defective because his plea bargain was illusory. "A defendant may be entitled to withdraw a guilty plea if the bargain on which the plea was based was illusory, meaning that the defendant received no benefit from the agreement." *People v Harris*, 224 Mich App 130, 132; 568 NW2d 149 (1997). "However, where the facts in a case indicate that a plea is voluntary, the plea will be upheld regardless of whether the defendant received consideration in return." *Id.* at 132-133.

There are at least two reasons why defendant's argument cannot prevail. First, as the trial court found, there was nothing illusory about the plea deal. At the plea hearing, defendant informed the trial court that he wished to enter a plea of no contest because of "potential civil liability," and "a lack of recollection." The trial court proceeded to inform defendant of the consequences of entering a plea of no contest, and defendant stated that he discussed his decision to enter a plea of no contest with his attorney. The trial court informed defendant of the penalties associated with each of the charges, and defendant stated that it was his decision to enter the plea,

and that he had not received any promises in exchange for his pleas, including that he had not been promised that he would receive a specific sentence:

> *The Court:* My understanding in terms of [the] plea agreement [is] that [defendant] is pleading no contest as charged and I'm accepting the no contest plea on each docket and the sentences will be concurrent with each other?
>
> [*Prosecutor*]: Correct.
>
> [*Defense Counsel*]: That's correct, your Honor.
>
> *The Court*: Is that your understanding of any and all agreement, [defendant]?
>
> *The Defendant*: Yes.
>
> *The Court*: Sir, have you been promised by this court, the prosecutor, or your attorney that you would be placed on probation or that you would receive any specific sentence in return for pleading no contest?
>
> *The Defendant*: No.  No.

The possibility of consecutive sentencing was never mentioned on the record at the plea hearing, and the trial court expressly warned defendant that a no-contest plea would be treated like a guilty plea for sentencing purposes.

The trial court's statement was not part of the plea offer, a point the trial court clarified at the hearing on defendant's motion to withdraw his plea.  Further, at the plea hearing, the trial court again asked defendant multiple times whether he had received any promises in exchange for pleading no contest.  Defendant stated that no promises had been made in exchange for his pleas, and that he had not been promised that he would receive a specific sentence in exchange for pleading no contest.  Because defendant's plea agreement was not premised on an illusory promise for concurrent sentencing, his plea must "be upheld regardless of whether the defendant received consideration in return." *Harris*, 224 Mich App at 132-133.[2]

Second, defendant has not identified any defect in the plea-taking process that would entitle him to relief. *Brown*, 492 Mich at 693.  At the plea hearing, defendant clearly stated that he alone had decided to enter a plea of no contest, and the record shows that the trial court fully informed defendant of the consequences of pleading no contest, and that defendant clearly understood the consequences.  The trial court also informed defendant of the penalties associated with each of the

---

[2] The presentence investigation report (PSIR) provided that the trial court had the authority to impose consecutive sentences under MCL 750.520b(3).  However, defendant failed to address that conclusion within the PSIR, and there is no indication that the PSIR dictated defendant's sentences. Indeed, defendant's CSC-I conviction has a mandatory minimum sentence of 25 years' imprisonment.

charges against him. Because the record reflects that defendant's plea was made knowingly and voluntarily, defendant is not entitled to withdrawal of his plea. *Cole*, 491 Mich at 332-333.

Affirmed.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel